IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John T. Mencer,

     Plaintiff,

     v.                          Case No. 2:09-cv-783

Kraft Foods Global, Inc.,

     Defendant.


OPINION AND ORDER

     This is an action filed by plaintiff John T. Mencer against his former employer, defendant Kraft Foods Global, Inc.  On August 5, 2009, plaintiff filed a complaint in the Common Pleas Court of Coshocton County, Ohio.  Plaintiff asserted a claim for retaliatory discharge in violation of Ohio Rev. Code §4123.90, alleging that his employment was terminated in retaliation for filing a claim for worker's compensation.  Plaintiff also asserted a claim for breach of contract, alleging that his employment was terminated in violation of the collective-bargaining agreement governing his employment.

     On September 4, 2009, defendant filed a notice of removal to this court pursuant to 28 U.S.C. §1441(a).  That section provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).  Under 28 U.S.C. §1441(b), any civil action of which a district court has original jurisdiction "founded on a

claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b). Section 1441(b) also authorizes the removal of actions where no defendant is a citizen of the state in which the action is brought.

The first basis for removal relied on by defendant was federal question jurisdiction under 28 U.S.C. §§1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant asserted that federal question jurisdiction was present because plaintiff's breach of contract allegations constituted a claim arising under and preempted by §301 of the Labor Management Relations Act ("LMRA"). That section provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a). The second basis for removal advanced by defendant was diversity jurisdiction under 28 U.S.C. §1132(a), which states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States[.]" 28 U.S.C. §1132(a).

On September 28, 2009, plaintiff filed a second amended complaint (Doc. No. 11). The second amended complaint contained only a claim for retaliatory discharge in violation of §4123.90.

All references to a breach of contract claim and the collective-bargaining agreement were omitted from the second amended complaint.

I. Motion to Remand

A. Issues Presented

This matter is before the court on plaintiff's September 25, 2009, motion to remand this case to state court. Plaintiff argues that since the claim for breach of the collective-bargaining agreement has been omitted from the second amended complaint, there is no subject matter jurisdiction based on the presence of a federal question. Plaintiff further asserts that the retaliation claim under §4123.90 is a claim arising under the Ohio workers' compensation laws, and that remand of the case is therefore required under 28 U.S.C. §1445(c). That section provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." §1445(c).

Defendant opposes the motion to remand. Defendant contends that this court's jurisdiction should be determined as of the time of removal, and argues that since this court had federal question jurisdiction at the time of removal, the amendment of plaintiff's complaint to delete the breach of contract claim should not deprive the court of jurisdiction. Defendant further contends that plaintiff's §4123.90 claim is preempted by §301 of the LMRA, and thus is a claim arising under federal law. Defendant also argues that diversity furnishes an independent basis for jurisdiction.

The original complaint alleged a breach of the collective-bargaining agreement, a claim within the scope of §301 of the LMRA. Thus, at the time of removal, the complaint included at least one

claim which arose under federal law for purposes of providing federal question jurisdiction in this case. However, after removal, plaintiff amended his complaint to delete the breach of contract claim.

Defendant argues that the amendment of the complaint should not defeat this court's jurisdiction because federal question jurisdiction was present in the case at the time of removal due to the breach of contract claim. When a defendant removes a case to federal court based on the existence of a federal question, an amendment eliminating the claim giving rise to federal jurisdiction does not automatically defeat jurisdiction over any remaining state-law claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988). The focus of the time-of-filing rule is the prevention of unfair manipulation of jurisdiction by the plaintiff when a case is removed. Thus, a district court can generally consider whether the plaintiff has engaged in manipulative tactics by deleting all federal-law claims from the complaint in deciding, at its discretion, whether to exercise supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. §§1367 and 1441(c), or to remand the case to state court pursuant to 28 U.S.C. §§1367(c) and 1441(c). Id.

Unfair manipulation is not a factor in this case. Plaintiff has advanced a reasonable explanation for the amendment of the complaint to delete the breach of contract claim, namely, that he has decided to exhaust that claim under the mechanisms provided by the collective-bargaining agreement. Defendant acknowledges that arbitration under the agreement is in fact pending. See Response to Motion to Remand, p. 6. In fact, plaintiff's failure to fully exhaust his administrative remedies under the collective bargaining

4

agreement would have rendered the breach of contract claim subject to dismissal upon motion of the defendant. See Republic Steel Corp. v. Maddox, 379 US. 650, 652-53 (1965)(employees must exhaust their remedies under the collective-bargaining agreement before attempting to bring suit under §301).

The time-of-filing rule also did not preclude the deletion of the breach of contract claim following removal. Plaintiff was entitled to amend his complaint as a matter of course without leave of court or defendant's consent because the second amended complaint was filed prior to the service of an answer or other responsive pleading. See Fed.R.Civ.P. 15(a)(1); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 420 (6th Cir. 2000)(Rule 15(a) gives plaintiffs an absolute right to amend their complaint one time before a responsive pleading is served).

Whether this court can exercise jurisdiction over the remaining §4123.90 claim depends on the nature of that claim and whether it falls within the scope of §1445(c). The presence of a federal claim at the time of removal and any inquiry concerning manipulation of the forum in this case are irrelevant if the removal of the §4123.90 claim was barred by §1445(c). If the removal of the §4123.90 claim was improper under §1445(c), then that claim must be remanded to the state court. Section 1445(c)'s prohibition against the removal of workers' compensation claims may not be avoided by the presence of a federal claim in the action at the time of removal. See Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir. 1998)(§1445(c) bars removal based on federal question jurisdiction; district court should have remanded workers' compensation claim); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995)(§1445(c) prevents removal of workers'

compensation claims regardless of whether the court otherwise has federal question jurisdiction); <u>Spearman v. Exxon Coal USA, Inc.</u>, 16 F.3d 722, 724 (7th Cir. 1994)(even a case containing a federal claim may not be removed if it also arises under state workers' compensation law); <u>Goble v. City of Brunswick</u>, 491 F.Supp.2d 722, 724 (N.D.Ohio 2007)(if §1445(c) applies, a case is nonremovable even though it also contains a claim which presents a federal question).

In deciding the motion to remand, this court must determine whether the §4123.90 claim is preempted by federal labor law, as argued by defendant. If the claim is preempted, then this court has federal question subject matter jurisdiction over that claim. <u>See</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987)(preempted state-law claim is considered, from its inception, to be a federal claim arising under federal law). If the §4123.90 claim is not preempted by federal law, then this court must determine whether it is a claim "arising under the workmen's compensation laws" of Ohio within the meaning of §1445(c). If it is such a claim, then this court must decide whether diversity jurisdiction is present and, if so, whether it furnishes a basis for exercising jurisdiction over the §4123.90 claim.

B. Preemption Analysis

Federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. <u>Loftis v. United Parcel Service, Inc.</u>, 342 F.3d 509, 514 (6th Cir. 2003). Under the "well-pleaded complaint rule," federal jurisdiction exists only when a plaintiff's properly pleaded complaint presents a federal question on its face. <u>Smolarek v. Chrysler Corporation</u>, 879 F.2d 1326, 1329 (6th Cir. 1989). "The rule makes the plaintiff the master of the

claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law." <u>Caterpillar</u>, 482 U.S. at 392. Generally, a state law claim cannot be re-characterized as a federal claim for the purpose of removal. <u>Loftis</u>, 342 F.3d at 515.

Similarly, a defense is not part of a plaintiff's properly pleaded statement of his or her claim. <u>See</u> <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987). Therefore, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]" <u>Caterpillar</u>, 482 U.S. at 393. Because federal preemption ordinarily arises as a defense, it normally does not provide a sufficient basis for removal when a plaintiff has chosen to assert only state-law causes of action. <u>Taylor</u>, 481 U.S. at 63.

The doctrine of complete preemption, "an independent corollary to the well-pleaded complaint rule," creates a narrow exception. <u>Caterpillar</u>, 482 U.S. at 393. Complete preemption occurs in cases that fall within the scope of the LMRA. <u>Loftis</u>, 342 F.3d at 515; <u>see</u> <u>also</u> <u>Brittingham v. General Motors Corp.</u>, 526 F.3d 272, 277 (6th Cir. 2008)(causes of action within the scope of section 301 are removable to federal court under the doctrine of complete preemption). To determine whether a state law claim is preempted by §301, this court must first determine whether proof of the state law claim requires interpretation of collective-bargaining agreement terms. <u>Id</u>. at 278. In making this determination, the court considers whether the plaintiff can prove all the elements of the claim without contract interpretation, and whether plaintiff is attempting to disguise what is essentially a contract claim as a tort. <u>Id</u>. Next, this court must ascertain whether the right

claimed by the plaintiff is created by the collective-bargaining agreement or by state law. Brittingham, 526 F.3d at 278.

However, "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation ... does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994); see also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985)("[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of the federal labor law."). In addition, "the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule[.]" Caterpillar, 482 U.S. at 398. "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Id. at 399.

Plaintiff is pursuing a claim under Ohio Rev. Code §4123.90. That statute provides in relevant part:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141 of the Revised Code plus reasonable attorney fees.

8

> The action shall be forever barred unless filed within
> one hundred eighty days immediately following the
> discharge, demotion, reassignment, or punitive action
> taken, and no action may be instituted or maintained
> unless the employer has received written notice of a
> claimed violation of this paragraph within the ninety
> days immediately following the discharge, demotion,
> reassignment, or punitive action taken.

An employee establishes a prima facie case for retaliatory discharge when he proves that he (1) was injured on the job, (2) filed a workers' compensation claim, and (3) was discharged in violation of §4123.90. <u>Markham v. Earle M. Jorgensen Co.</u>, 138 Ohio App.3d 484, 492, 741 N.E.2d 618 (2000). When the employee raises an inference of a retaliatory discharge, the burden of going forward with evidence shifts to the employer to set forth a legitimate, non-retaliatory reason for the discharge. <u>Id</u>. If the employer sets forth a legitimate, non-retaliatory reason for the employee's discharge, the employee must establish that the reason given by the employer is pretextual and that the real reason for the discharge was the employee's protected activity under the Workers' Compensation Act. <u>Id</u>.

Section 4123.90 does not suspend the rights of an employer or insulate an employee from an otherwise just and lawful discharge. <u>Id</u>. at 493. Rather, the statute protects only against termination directly precipitated by the filing of a workers' compensation claim. <u>Metheney v. Sajar Plastics, Inc.</u>, 69 Ohio App.3d 428, 432, 590 N.E.2d 1311 (1990)("The scope of the cause of action created by the statute is very limited, and the burden of proof is upon the employee to specifically show that the termination was in direct response to the filing of a claim.").

In <u>Lingle v. Norge Division of Magic Chef, Inc.</u>, 486 U.S. 399

(1988), the Supreme Court held that the tort of retaliatory discharge for filing a workers' compensation claim under a comparable Illinois statute was not preempted under §301 of the LMRA.  The Court noted that to prove this tort, the plaintiff was required to show: (1) that he was discharged or threatened with discharge, and (2) that the employer's motive in discharging or threatening to discharge him was to deter him from exercising his rights under the workers' compensation laws or to interfere with his exercise of those rights.  486 U.S. at 407.  The Court observed that these elements involved purely factual questions which pertained to the conduct of the employee and the conduct and motivation of the employer, and that the elements of the tort did not require a court to interpret any term of a collective bargaining agreement.  <u>Id</u>.  The Court concluded that "the state-law remedy in this case is 'independent' of the collective-bargaining agreement in the sense of 'independent' that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement."  <u>Id</u>.

In <u>Knafel v. Pepsi-Cola Bottlers of Akron, Inc.</u>, 899 F.2d 1473 (6th Cir. 1990), the Sixth Circuit addressed the issue of whether a claim under §4123.90 was preempted by §301 of the LMRA.  The court observed that the Ohio statute is similar to the Illinois provision at issue in <u>Lingle</u>.  <u>Id</u>. at 1482.  The Sixth Circuit noted that even if the collective-bargaining agreement between plaintiff's union and the employer did not exist, §4123.90 would confer certain non-negotiable rights and duties upon all employees and employers.  <u>Id</u>. The court concluded that proving the elements of a retaliatory discharge claim under §4123.90 did not require an interpretation of the collective-bargaining agreement, and that the

10

district court erred in finding that the plaintiff's claims were preempted. Id. See also Smolarek, 879 F.2d at 1331 (claim of retaliatory discharge in violation of the workers' compensation laws of Michigan was not so "inextricably intertwined with consideration of the terms of the labor contract" to be preempted by §301; "It is a state claim, sufficiently set out as separate and apart from a collective bargaining contract claim, and thus avoids preemption.").

Defendant argues that the §4123.90 claim is preempted because, as proof of a non-retaliatory motive for plaintiff's discharge, it plans to produce evidence that plaintiff's employment was terminated pursuant to § 18(B)(8) of the collective-bargaining agreement. That provision states: "Employees shall lose all seniority rights for the following reasons: ... (8) The employee has been absent from work for 18 consecutive months for any reason except for military/union business leaves of absence or absences in conflict with any state or federal law."

This defensive use of the collective bargaining agreement does not mandate complete preemption. In Alongi v. Ford Motor Co., 386 F.3d 716, 727 (6th Cir. 2004), the Sixth Circuit rejected the defendants' argument that the plaintiffs' state-law claims for discharge in violation of public policy were preempted because defendants intended to rely on a separate plant-closing agreement, not mentioned in the amended complaint, as authorizing the alleged failure to rehire or recommend the plaintiffs. The court concluded that even if the agreement did contain provisions authorizing defendants' actions, this would not establish complete preemption:

> In effect, the defendants contend that § 301 should preempt Count IV because the defendants are certain to raise a defense that requires interpretation of a

11

collective bargaining agreement. The Supreme Court has
rejected this view. It is true that the doctrine of
complete preemption goes beyond the usual contours of the
well-pleaded complaint rule, in that it requires courts
to attend to the underlying substance of a plaintiff's
cause of action, and not merely whether it is denominated
as arising from state or federal law. But, as the
Supreme Court has instructed us, the complete preemption
doctrine does not abrogate the federal courts'
traditional focus on the complaint, in deciding questions
of removal jurisdiction.

Id. at 727 (citing Caterpillar, 482 U.S. at 398-99).

In the specific context of retaliatory discharge under
workers' compensation law, the Supreme Court in Lingle observed
that the fact that an employer under Illinois law was required to
show that it had a non-retaliatory reason for the discharge to
defend against a retaliatory discharge claim involved a "purely
factual inquiry [which] likewise does not turn on the meaning of
any provision of a collective-bargaining agreement." Lingle, 486
U.S. at 407. The Court noted that the fact "that the state-law
analysis might well involve attention to the same factual
considerations as the contractual determination" under the
collective-bargaining agreement of whether the plaintiff was fired
for just cause was not sufficient to result in §301 preemption "as
long as the state-law claim can be resolved without interpreting
the agreement itself[.]" Id. at 408-409. The Court further
stated:

[A]s a general proposition, a state-law claim may depend
for its resolution upon both the interpretation of a
collective-bargaining agreement and a separate state-law
analysis that does not turn on the agreement. In such a
case, federal law would govern the interpretation of the
agreement, but the separate state-law analysis would not
be thereby pre-empted.

Id. at 413, n. 12.

Also instructive is the Eighth Circuit's decision in <u>Johnson</u> <u>v. AGCO Corp.</u>, 159 F.3d 1114 (8th Cir. 1998). In that case, the employer argued that plaintiff's claim of retaliatory discharge under the workers' compensation laws of Missouri was preempted because it intended to assert a defense, based on provisions of the collective-bargaining agreement, that it had a non-retaliatory reason for removing plaintiff from his position. The court, relying on <u>Caterpillar</u> and its previous decision in <u>Humphrey v.</u> <u>Sequentia, Inc.</u>, 58 F.3d 1238, 1244 (8th Cir. 1995), concluded that the fact that the employer's defense to plaintiff's retaliation claim might require a court to construe the collective-bargaining agreement was not enough for complete preemption. <u>Id</u>. at 1116.

Similarly, in <u>Trevino v. Ramos</u>, 197 F.3d 777 (5th Cir. 1999), the Fifth Circuit held that a claim of retaliatory discharge under the Texas Workers' Compensation Act was not preempted by §301. The court, citing <u>Lingle</u>, 486 U.S. at 407, noted that the purely factual questions surrounding the employee's conduct and the employer's motivation, as well as whether the employer had a non-retaliatory reason for the discharge, did not require interpretation of a collective-bargaining agreement. <u>Id</u>. at 780. The court stated:

> In a retaliatory discharge case, "[a]s the Supreme Court pointed out in <u>Lingle</u>, the court's task is complete ... when it determines, as a factual matter, whether the employer's motivation for the discharge was the employee's filing of a worker's compensation claim or some other motive." If it determines that retaliation was not a motive, it does not need to determine whether other motives were legitimate or whether the CBA justified them.

<u>Id</u>. (quoting <u>Jones v. Roadway Express, Inc.</u>, 936 F.2d 789, 791-92 (5th Cir. 1991)). The court further noted that even if plaintiffs'

retaliatory discharge claims implicated the collective-bargaining agreement, that fact would not necessarily require preemption of the claim. Id. (citing Thomas v. LTV Corp., 39 F.3d 616, 617 (5th Cir. 1994)("[C]laims only tangentially involving provisions of collective-bargaining agreements are not preempted by section 301.") and Livadas, 512 U.S. at 123).

Plaintiff's retaliatory discharge claim is not a breach of contract claim in disguise. The right claimed by plaintiff is based on §4123.90, a state law which is completely independent of the provisions of the collective-bargaining agreement. Section 4123.90 would confer certain non-negotiable rights and duties upon the defendant and the plaintiff in this case even if the collective-bargaining agreement did not exist. Knafel, 899 F.2d at 1482. Plaintiff can prove all of the elements of his retaliatory discharge claim without reference to the collective-bargaining agreement. Id. If defendant terminated plaintiff's employment in retaliation due to his filing of a workers' compensation claim, the discharge would violate §4123.90 notwithstanding any right granted by §18(B)(8) to terminate plaintiff's employment. Thus, proof of plaintiff's §4123.90 claim does not require interpretation of the collective bargaining agreement.

In addition, the actual meaning of §18(B)(8) of the collective bargaining agreement would not be a determining factor in the proof of a non-retaliatory motive defense. As noted in Lingle, 486 U.S. at 407, the existence of a non-retaliatory motive involves a "purely factual inquiry" concerning defendant's motivation and belief. How §18(B)(8) would be interpreted in this action is immaterial to this inquiry. If anything, it is defendant's interpretation of the provision as of the time of plaintiff's

14

discharge that might be relevant to defendant's motive and intent. For example, evidence that defendant honestly believed that §18(B)(8) gave it the authority to terminate plaintiff's employment, and that defendant acted solely in reliance on that perceived authority in terminating plaintiff's employment, would be relevant to show the existence of a non-retaliatory motive even if §18(B)(8) was later interpreted in this action as not granting such authority. Likewise, if defendant acted with a retaliatory motive, then defendant would be liable under §4123.90 regardless of any meaning assigned to §18(B)(8) in this action, or even a finding that §18(B)(8) furnished a valid reason for terminating plaintiff's employment. The fact that defendant might tangentially refer to §18(B)(8) in connection with the defensive argument that it had a non-retaliatory motive for discharging plaintiff is insufficient to permit removal based on complete preemption. See <u>Livadas</u>, 512 U.S. at 124; <u>Caterpillar</u>, 482 U.S. at 398.

Defendant relies on <u>Wilson v. Glastic Corp.</u>, 150 Ohio App.3d 706, 712-714, 782 N.E.2d 1208 (2002), in which the court held, based on the specific facts of that case, that plaintiff's claim of retaliatory discharge was preempted under §301 of the LMRA because the determination of whether defendant's reason for terminating plaintiff's employment was pretextual would require looking to whether the collective bargaining agreement provided defendant the authority to discharge plaintiff. However, that case did not address the issue of complete preemption in the removal context, and thus is not of assistance here.

This court concludes that plaintiff's §4123.90 claim is a state-law claim which is not completely preempted by §301 of the LMRA. Therefore the removal of that claim to this court cannot be

15

based on federal question jurisdiction.

C. Applicability of §1445(c)

Since plaintiff's §4123.90 claim is not a preempted claim arising under federal law so as to confer federal question jurisdiction, this court must determine whether it is a claim "arising under the workmen's compensation laws of" the State of Ohio within the meaning of §1445(c). "A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." Harper v. AutoAlliance International, Inc., 392 F.3d 195, 203 (6th Cir. 2004).

In Harper, the Sixth Circuit analyzed the Michigan retaliation statute and concluded that a claim under that provision did not "arise under" the Michigan workers' compensation laws. As to the first branch of the test, the court noted that Michigan courts were the first to recognize a common law cause of action for wrongful discharge in violation of public policy due to retaliation for filing a workers' compensation claim, and that the statute was later enacted merely to codify this judicially-created right. Id. at 203-205. The court also noted that the Michigan provision failed to specify a remedy for retaliation or a means to enforce the right to be protected from retaliation, leading the court to infer that the legislature intended the use of the judicially-crafted wrongful discharge claim to remedy retaliatory discharge. Id. at 203, 207.

As to the second prong of the test, the Sixth Circuit concluded that the Michigan retaliation claim did not necessarily depend on resolution of a substantial question under the Michigan

16

Worker's Disability Compensation Act. Id. at 205. The court noted that the Michigan retaliation claim did not implicate the administrative or remedial mechanisms of the Act, did not require courts to interpret the statute, and did not seek an award of compensation for personal injury that causes a diminished wage-earning capacity, which was the only type of compensation afforded by the Act. Id. at 208. The court concluded that because the action for retaliatory discharge was grounded in general principles of common law, the law was not a Michigan "workmen's compensation laws" within the meaning of §1445(c). Id. at 207. See also Nixon v. Waste Management, Inc., 156 Fed.App'x 784 (6th Cir. Nov. 21, 2005)(applying a similar analysis to the Tennessee provision and concluding that the Tennessee action for retaliatory discharge did not "arise under" the Tennessee workers' compensation laws).

In contrast, courts which have addressed the issue of whether §4123.90 "arises under" the workers' compensation laws of Ohio have concluded that it does. In Horn v. Kmart Corp., No. 1:06-cv-493 (unreported), 2007 WL 1138473 (S.D.Ohio April 16, 2007), the court applied the Harper analysis to §4123.90. The court noted that the Ohio statute makes it unlawful to retaliate against an employee who files a claim under the Ohio workers' compensation scheme, limits the available venue for a claim under the statute, limits the amount recoverable, and requires notice within ninety days of a violation and institution of the suit within 180 days of a violation. Id., 2007 WL 1138473 at *2. Thus, unlike the Michigan statute in Harper, §4123.90 provides both a right and a remedy. The court further observed that while the Michigan statute at issue in Harper was merely a codification of a judicially created action, the Ohio statute was written before the Ohio Supreme Court first

17

recognized the common law tort of wrongful discharge in violation
of public policy in <u>Greeley v. Miami Valley Maintenance
Contractors, Inc.</u>, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). <u>Id</u>.,
2007 WL 1138473 at *3. <u>See</u> 1989 Session Laws and Resolutions,
Amended Substitute House Bill Number 222, effective November 3,
1989 (making minor changes to §4123.90). The court concluded that
since §4123.90 created the cause of action and defines both the
right and the remedy, it satisfied the first prong of the <u>Harper</u>
test and constituted an Ohio workers' compensation law. <u>Id</u>.

In <u>Goble</u>, 491 F.Supp.2d at 724-25, the court noted that
§4123.90 was promulgated prior to recognition by the Ohio courts of
a common law tort of wrongful discharge, that the statute provides
a right and a remedy, and that the success of the claim would
depend upon how §4123.90 is construed. <u>Id</u>. at 724-25. The court
concluded that §4123.90 "arises under" the Ohio workers'
compensation laws for purposes of applying §1445(c). <u>Id</u>. at 725.
<u>See also</u> <u>Bruck v. National Veterinary Associates, Inc.</u>, No. 2:08-
cv-341 (unreported), 2008 WL 2704389 at *2 (S.D.Ohio July 3,
2008)(§4123.90 claim meets the first prong of the <u>Harper</u> test);
<u>Hafner v. Cowan Systems, LLC</u>, No. 1:04-cv-629, 2005 WL 1417104 at
*3 (S.D.Ohio June 16, 2005)(§4123.90 claim arises under the Ohio
workers' compensation laws).

This court agrees with the reasoning of the above cases and
concludes that plaintiff's §4123.90 claim "arises under" the
workers' compensation laws of Ohio within the meaning of §1445(c).
<u>D. Diversity Jurisdiction</u>

Defendant argues that this court can exercise jurisdiction
over the remaining §4123.90 claim on the basis of diversity
jurisdiction. Plaintiff argues that defendant has not made a

18

sufficient showing that the amount-in-controversy requirement has been met in this case.

Where the plaintiff seeks in the complaint to recover some unspecified amount that is not obviously greater or less than the amount-in-controversy requirement, the defendant must prove by a preponderance of the evidence that plaintiff's claims meet requirement. <u>Gafford v. General Electric Co.</u>, 997 F.2d 150, 158 (6th Cir. 1993). This test "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." <u>Id</u>. at 159.

In determining whether the defendant has met its burden, this court must consider the damages sought by plaintiff in his original complaint, and determine whether federal jurisdiction existed as of the time of removal. <u>Hayes v. Equitable Energy Resources Co.</u>, 266 F.3d 560, 573 (6th Cir. 2001). In meeting its burden, the defendant is permitted to demonstrate, through a fair reading of the plaintiff's complaint, that the unspecified damages sought will exceed $75,000, if proven. <u>Long v. McKesson HBOC Red Line Healthcare</u>, No. C2-01-1226 (unreported), 2002 WL 1578840 at *2 (S.D.Ohio April 26, 2002). Whether the jurisdictional amount has been met is considered in light of state law and its recognition of the relief sought. <u>Klepper v. First Am. Bank</u>, 916 F.2d 337, 341 (6th Cir. 1990). Possible attorney's fees can also be considered where the recovery of fees is allowed under state law. <u>Williamson</u>, 481 F.3d at 376.

In his original complaint, plaintiff claimed damages in the form of lost earnings, health benefits, retirement benefits, and other fringe benefits, as well as attorney's fees, interest and

costs. Under §4123.90, plaintiff is entitled to recover back pay plus attorney's fees. Defendant has submitted the declaration of Deanna Adams, Human Resources Manager at defendant's Coshocton location where plaintiff was employed. She states that plaintiff's last day of work was December 2, 2006, at which time he was earning $13.30 an hour. Declaration, ¶ 6. This hourly rate was effective until February 3, 2008. It increased to $13.90 per hour on February 4, 2008, and increased again on February 16, 2009, to $14.55 per hour. Id. These figures indicate that the amount which plaintiff could potentially recover in back pay alone for lost wages from December 2, 2006, through the present would exceed the jurisdictional threshold of $75,000, and that the amount-in-controversy requirement is satisfied in this case.

However, even though that the requirements for diversity jurisdiction, including the amount-in-controversy requirement, appear to be satisfied in this case, this would not remove the bar to removal of the §4123.90 claim posed by §1445(c). The Sixth Circuit has held that removal of state-law workers' compensation cases is prohibited under §1445(c) even if there is diversity of citizenship. See Snuggs v. Excel Manufacturing of Kentucky, Inc., 187 F.3d 638 (table), 1999 WL 623747 at *1 (6th Cir. Aug. 11, 1999); Thornton v. Denny's Inc., 992 F.2d 1217 (table), 1993 WL 137078 at *2 (6th Cir. April 29, 1993). See also Johnson, 159 F.3d at 1116 (§1445(c) prevents removal of cases "arising under" state workers' compensation law even where there is diversity of citizenship between the parties); Sherrod, 132 F.3d at 1119 (same); Humphrey, 58 F.3d at 1245 (same); Jones v. Roadway Express, Inc., 931 F.2d 1086, 1091 (5th Cir. 1991)(same); Goble, 491 F.Supp.2d at 724 (same). Therefore, even assuming that the requirements for

diversity jurisdiction have been satisfied in this case, plaintiff's §4123.90 claim is nonetheless not removable under §1445(c) and must be remanded to the state court.

## II. Conclusion

In accordance with the foregoing, plaintiff's motion to remand (Doc. No. 10) is granted, and this case is hereby remanded to the Court of Common Pleas of Coshocton County, Ohio.


Date: February 4, 2010          _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge